TENTATIVE RULING
ISSUED BY THE HONORABLE MARGARET M. MANN

ADVERSARY PROCEEDING:    *Stark v. Poonka*

ADV. NO.:    19-90104-MM

BK. CASE NO.: 19-05307-MM7

HEARING:    10:00 AM, THURSDAY, APRIL 2, 2020

MOTION:    MOTION TO DISMISS SECOND AMENDED COMPLAINT

Debtor Simon Poonka ("Poonka") requests a dismissal of the Second Amended Complaint ("SAC") arguing Plaintiff Collette Stark ("Stark") failed to provide a short, plain statement of the 11 U.S.C. § 523(a)(6) claim and inappropriately alleges causes of action for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and the California Invasion of Privacy Act, Cal. Penal Code § 647 ("CIPA"). Stark contends she is permitted to proceed with the action as plead based on the February 13, 2020 order denying Poonka's first motion to dismiss for the § 523(a)(6) claim ("Order"). The Order permits Stark to file an amended complaint with the § 523(a)(6) claims only. Stark cites to law of the case and res judicata principles in support of this argument.

Stark also contends she should be afforded greater leniency based on her pro se status. Poonka counters that Stark has litigation experience and is a vexatious litigant. However, Poonka does not provide an order determining Stark as a vexatious litigant. Instead, he merely states he intends to file a motion to seek this determination. Until that motion is filed and that determination is made, Stark will be afforded greater leniency regarding the SAC. The SAC, although not clearly pled, provides enough facts to allege a cause of action under § 523(a)(6).

## *Analysis*

### *Law of the Case and Preclusion*

Stark argues that law of the case bars the Motion because the Order allowed Stark to continue with the § 523(a)(6) claims through an amended complaint. Stark then filed the SAC containing amended allegations like those plead in the First Amended Complaint. The Motion argues the amended allegations are insufficient, which is a different issue that the court previously provided. The court need not reconsider the Order to decide this issue and the law of the case doctrine does not apply. Even if the doctrine were applicable, the court may still revise its prior ruling. *United States v. Houser,* 804 F.2d

565, 567 (9th Cir. 1986) (law of the case applies to trial courts, but trial court rulings may be revised at any time before the entry of judgment). No judgment has been entered.

Res judicata, more appropriately referred to as claim preclusion, is similarly inapplicable. "Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). There is no judgment at issue making res judicata inapplicable.

### Legal Standard for a Motion to Dismiss

To survive a motion to dismiss, a complaint "does not need detailed factual allegations," but those allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Federal Rule Bankruptcy Procedure 7008 requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. Proc. 8.  Under this rule, a claim must have "facial plausibility," which is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must be construed in the light most favorable to the plaintiff, accepting as true all material allegations, as well as reasonable inferences to be drawn from them. *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Stark's status as a pro se litigant requires the court review her SAC liberally. See *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) ("Pro se complaints are construed 'liberally' and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (internal quotation marks omitted)); see also *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir.1988) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)). Based on Stark's status as a pro se plaintiff, the SAC will be liberally construed and will only be dismissed if there is no set of facts that might entitle Stark to relief.

### § 523(a)(6) Claim

Stark alleges a cause of action under § 523(a)(6) based on Poonka's violation of the TPCA and CIPA. Section 523(a)(6) provides that a discharge will not include a debt for "willful and malicious injury." "Willful" means the debtor has a subjective intent to harm, or the subjective belief that harm is substantially certain. *Carrillo v. Su (In re Su)*, 290 F.3d 1140, 1144 (9th Cir. 2002). The "malicious" element requires (1) a wrongful act by

the debtor, (2) done intentionally, (3) without just cause or excuse, and (4) that necessarily causes injury. *Id.* at 1146-1147. Under § 523(a)(6), the term "malicious" does not have the vernacular meaning of "intending to injure." This is instead an element of the willfulness prong. *Thiara v. Spycher Bros. (In re Thiara)*, 285 B.R. 420, 434 (B.A.P. 9th Cir. 2002) (conversion case remanded due to lack of findings on the willfulness element of either subjective intent to injure or knowledge that injury would result). The technical meaning of "malicious" for dischargeability purposes, means "without just cause and excuse." *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1204 (9th Cir. 2001).

Poonka argues the SAC only contains causes of action based on violations of the TCPA and CIPA. Liberally construing the SAC, requires this argument be rejected. Stark has alleged enough facts to support that the violations of the TCPA and CIPA amount to a claim under § 523(a)(6). Specifically, Stark alleges Poonka's actions were willful and malicious. Stark elaborates by alleging Poonka bombarded Stark with robocalls. Poonka allegedly continued to make the calls to Stark's cell phone even though the phone number was registered on the National Do Not Call Registry and Stark asked Poonka to stop making the calls. Stark alleges these actions violate the TCPA. Stark also alleges Poonka and his agents recorded Stark without her permission in violation of the CIPA.

Stark's allegation that Poonka bombarded Stark with robocalls can be implied to allege that Poonka's actions were done with the intent to cause harm, particularly given Stark's repeated requests for Poonka to stop calling her. Stark also alleges that these calls resulted in financial injury. These allegations are enough to plead maliciousness.

### *Requests for Sanctions*

Both Poonka and Stark request sanctions against the other for frivolous filings; however, neither party provides authority for their request. Separate sanctions motions are also required. For both reasons, both requests for sanctions are denied.

### *Conclusion*

The Motion is **DENIED.**